UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:10-cr-00046-JMS-MJD-02 |
| | ) | |
| CORY LOMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Cory Loman's ("Loman") *Motion for Return of Seized Property*. [Dkt. 252.] For the reasons that follow, the Magistrate Judge recommends that the District Judge **DENY** Loman's Motion.

On February 18, 2010, a criminal complaint was filed against Loman in this Court. [Dkt. 1.] Pursuant to a search warrant, agents seized a 1968 Cadillac bearing Michigan plate number CADISHK ("the vehicle"), which was parked in Loman's driveway. [Dkt. 249-2 ¶ 3.] On March 23, 2011, the United States filed a superseding indictment against Loman, charging him with knowingly distributing 5 grams or more of methamphetamine and with conspiring to possess with intent to distribute 500 grams or more of methamphetamine. [Dkt. 82 at 1-3.] The indictment also notified Loman that if he were convicted of either offense the United States would seek forfeiture of any property he obtained directly or indirectly as a result of his offense. [Dkt. 82 at 6.] On May 11, 2011, the Court granted the United States' motion to maintain custody of the vehicle pending the conclusion of the criminal case against Loman. [Dkt. 110.] On July 27, 2012, Loman pled guilty to conspiracy to possess with intent to distribute 500 grams or

1

more of methamphetamine. [Dkt. 171.] On December 15, 2015, the United States moved for a preliminary order of forfeiture on the vehicle, which the Court granted. [Dkts. 249, 250.] In response, Loman filed a pro se *Motion for Return of Seized Property* [Dkt. 252], which is presently before the Court.

Loman purports to bring his Motion pursuant to Fed. R. Crim. P. 41(g). [Dkt. 252-1 at 2.][1] However, as the United States correctly notes, Rule 41(g) allows a party to challenge seized, but not forfeited, property. *See e.g.*, *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007).[2] Accordingly, the Court will treat Loman's Motion as a motion to reconsider the Court's preliminary order of forfeiture of his vehicle. [Dkt. 250.] Loman makes two arguments in support of his Motion: 1) the United States has not established the requisite nexus between his vehicle and the crime to which he pled guilty, and 2) the United States' motion for forfeiture of his vehicle was untimely. [Dkt. 252.]

Loman's first contention is without merit. The United States attached to its motion for forfeiture the affidavit of special agent Daniel Schmidt, who swore that Loman admitted to purchasing and maintaining the vehicle with drug money. [Dkt. 249-2 ¶ 4.] Furthermore, Loman purchased the vehicle in 2009, during the period in which he admitted to dealing drugs, and bought the vehicle with $12,800 in cash. [Dkt. 168 at 3-4; Dkt. 249-2 at 2.] Loman challenges none of this evidence in his Motion. [Dkt. 252-1.] Therefore, the Court concludes there is the requisite nexus between the vehicle and Loman's crime.

---

[1] Loman also cites to Fed R. Crim. P. 41(e) to support his Motion. [Dkt. 252-1 at 2.] However, Rule 41(e) refers to the proper procedure for issuing a warrant, and Loman's Motion does not argue the warrant that led to the seizure of his vehicle was in any way flawed. [*See* Dkt. 252-1.]

[2] A "preliminary order of forfeiture" is final as to a defendant's interest in his seized property. *See Young*, 489 F.3d at 315. Accordingly, Loman's vehicle was "forfeited" as of the entry of the Court's preliminary order of forfeiture on December 17, 2015. [Dkt. 250.]

Next, Loman argues the United States' motion for forfeiture of his vehicle was untimely. He notes that the United States did not file its motion for forfeiture of his vehicle until more than three years after he was sentenced. [Dkt. 252-1 at 2.] However, contrary to Loman's assertions, there is no "statute of limitations" by which the United States must file a motion for forfeiture. *See* Fed. R. Crim. P. 32.2.[3] Accordingly, the United States' three year delay does not bar the Court's preliminary order of forfeiture.

The Court recognizes that Fed. R. Crim. P. 32-2(b)(4)(B) requires the Court to "include the forfeiture order, directly or by reference, in the judgment." However, "the court's failure to do so may be corrected at any time under Rule 36." *Id.* The Seventh Circuit has clarified that "the failure to include forfeiture in a judgment, that everyone intended to be included, constitutes a clerical error, correctable under Rule 36." *United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009). In this case, the United States indicated in both Loman's superseding indictment and his presentence investigation report that it intended to seek forfeiture of any property related to the charged crimes. [Dkt. 82 at 6; Dkt. 153 at 3.] Moreover, the United States specifically informed the Court, and Loman, that it intended to seek forfeiture of the vehicle in its application to maintain custody of the vehicle. [Dkt. 106 at 2 ("The United States has advised claimant Cory Loman, by a letter dated April 25, 2011, addressed to Loman's attorney, David M. Hooper, that it will pursue forfeiture of the seized vehicle").]

In fact, Loman contested the United States' motion for administrative forfeiture of the vehicle, showing that he knew the United States had seized his vehicle and intended to seek

---

[3] Loman notes that Fed. R. Crim. P. 32.2(b) requires the Court to <u>promptly</u> enter an order of forfeiture. [Dkt. 252-1 at 2 (emphasis in original).] However, this section is an instruction to the Court to promptly enter a preliminary order **after** it finds that property is subject to forfeiture; it is not a limitation on when a forfeiture can be ordered. Rule 32.2(b)(2)(A) ("If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . ."). Thus, as the Court entered a preliminary order of forfeiture promptly after the motion was filed, this section does not support Loman's position that the forfeiture order of his vehicle was "untimely."

forfeiture. [Dkt. 106 at 2; *cf. United States v. Davies*, 601 F. App'x 97, 100 (3d Cir. 2015) (defendant who had actual notice of a forfeiture waived his right to notice in the indictment); *United States v. Martin,* 662 F.3d 301, 309 (4th Cir. 2011) (upholding forfeiture despite non-compliance with Rule 32.2, because, *inter alia*, defendant was on notice that the United States was seeking forfeiture of his property).] Yet Loman did not file a motion under Fed R. Crim. P. 41(g) to attempt to recover his vehicle until after the vehicle was already forfeited. *See United States v. Sims*, 376 F.3d 705, 709 (7th Cir. 2004) (Rule 41(g) "can also be invoked after criminal proceedings have concluded to recover the defendant's property . . . unless, of course, it has been forfeited in the course of those proceedings.")

Therefore, it is clear that "everyone intended" the forfeiture of the vehicle to be included in the judgment and this Court may amend Loman's judgment by reference pursuant to Fed. R. Crim. P. 36. *Quintero*, 572 F.3d at 353. Thus, the Magistrate Judge recommends that the District Judge **DENY** Loman's *Motion for Return of Seized Property* [Dkt. 252] and amend Loman's final judgment to include the forfeiture of his vehicle. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 18 MAR 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

To counsel via electronic notification.

And by United States Mail to:

Cory Loman #09435-028
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509